STAVOLA CONTRACTING COMPANY, INC., A CORPORATION OF THE STATE OF NEW JERSEY, PLAINTIFF, v. DARIO CONSTRUCTION CO., INC., A CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANT.

Superior Court of New Jersey
Chancery Division

Decided December 15, 1967.

Mr. *Bernard H. Weiser* for applicant, Mach Lumber Co., Inc.

Mr. *William Himelman* for respondents Alphonse J. Dalton and Helen P. Dalton (*Messrs. Klatsky, Himelman and Siegfried,* attorneys).

LANE, J. S. C. This matter is before the court on an application by Mach Lumber Co., Inc. (Mach), a creditor of the defendant (Dario), "to permit filing of mechanic's liens and/or extension of time to do so." Mach seeks leave to file a lien claim pursuant to a notice of intention after the expiration of four months from the date of the last delivery of materials, to establish a claim of lien upon premises owned by Alphonse J. Dalton and Helen P. Dalton (Dalton).

Dalton was given notice by order to show cause and has raised no objection to the jurisdiction of this court to hear the application. Since the application concerns the indebtedness of an insolvent corporation, this court has jurisdiction to hear the matter. *Riverside Apartment Corp. v. Capital Const. Co.*, 107 *N. J. Eq.* 405 (*Ch.* 1930), affirmed o. b. 110 *N. J. Eq.* 67 (*E. & A.* 1931).

Between April 28 and June 23, 1967 Mach sold and delivered materials having a value of $3,545.40 to Dario, which was constructing a dwelling on the premises of Dalton. Dario has paid Mach $1,000. Mach seeks a mechanic's lien against the Dalton property for the balance of $2,545.40. There is no allegation that Dario at any time owned the premises involved. On April 26, 1967 Mach filed a mechanic's notice of intention with the clerk of Monmouth County. Under *N. J. S.* 2A:44–91 Mach should have filed its lien claim with the county clerk on or before October 23, 1967, four months from the date of the last delivery. It did not do so. The application to permit the filing of the lien claim was presented to this court on November 10, 1967.

By an order of this court dated September 28, 1967 in these proceedings, the defendant was declared insolvent and a statutory receiver appointed. That order provided, *inter alia*, "that all persons, especially the creditors and those claiming liens against the assets of the defendant corporation shall be and they are hereby restrained from bringing any action or proceedings at law or otherwise against the assets of said defendant corporation and from taking any further proceedings in any action or proceeding heretofore commenced; * * *."

The issue is whether under the facts of this case this court may extend the time within which a lien claim must be filed under *N. J. S.* 2A:44–91.

In *J. R. Christ Constr. Co. v. Willete Assocs.*, 47 *N. J.* 473 (1966), the Supreme Court stated that mechanics' lien statutes are remedial:

> "Mechanics' lien statutes are remedial and are designed to guarantee effective security to those who furnish labor or materials used to enhance the value of the property of others, and, where the terms of the statute reasonably permit, the law should be construed to effect this remedial purpose." (at *p.* 477)

Although the Mechanics' Lien Law is remedial legislation, it is in derogation of common law, and liens arising under it are exclusively statutory in origin. *Smith & Richards Lumber Co. v. Hurley,* 116 *N. J. L.* 429 (*E. & A.* 1936).

In *Friedman v. Stein,* 4 *N. J.* 34 (1950), Justice Heher stated for the Court:

> "The mechanic's and the materialman's liens had their genesis in the civil law. They are unknown to the common law; and they have had no recognition in equity except as prescribed by statute." (at *p.* 40)

In *Columbia Lumber & Millwork Co., Inc. v. DeStefano,* 12 *N. J.* 117 (1953), a distinction was drawn between the procedural aspects of commencing suit under a lien claim and the timely filing of the notice of intention and of the lien claim. The court stated:

> "The former Court of Errors and Appeals emphasized that there is nothing 'occult or mysterious' about the action to enforce the lien, *Vreeland Bldg. Co. v. Knickerbocker Sugar Refining Co.,* 75 *N. J. L.* 551, 554 (*E. & A.* 1907). And this court has held that such provisions should be 'liberally construed to effectuate the remedial statutory policy,' distinguishing in this regard the provisions requisite to constitute the lien—the filing with the proper county clerk of the notice of intention in statutory mode, *R. S.* 2:60–112 and 113, and, within four months after the date of the last materials furnished, the filing with such clerk of the lien claim, *R. S.* 2:60–129 and 130, and the commencement of the action to enforce the claim, *R. S.* 2:60–136 —which provisions are 'strictly construed.' *Friedman v. Stein,* 4 *N. J.* 34 (1950)." (at *p.* 123)

*N. J. S.* 2A:44–91 is specific as to the time within which the lien claim must be filed. It provides:

> "Every person intending to claim a lien under this article shall, and no debt shall be a lien by virtue of this article unless the claim-

ant shall, within 4 months after the date of the last labor performed or the materials furnished for which the debt is due, file his lien claim with the proper county clerk, as in this article provided."

That section must be read with *N. J. S.* 2A:44–92, in which the Legislature dealt with the failure to follow the statutory provisions in filing the lien claim. The last paragraph of *N. J. S.* 2A:44–92 states in part as follows:

"* * * Failure to file such claim in the manner or within the time provided by this article or a willful or fraudulent misstatement in such particulars of the matters above directed to be inserted in the lien claim shall free the land and building from the lien for the matters mentioned in such claim."

The applicant contends that this Court has jurisdiction under *N. J. S.* 2A:44–94 to grant the relief requested that statute provides:

"At any time before final judgment, and either before or after the commencement of action, the superior court or the court before whom the civil action is pending may direct the amendment of a lien claim; (a) in matters of substance as well as form, upon application of the lien claimant and on reasonable written notice to all parties interested, or (b) so as to alter the description of the curtilage or lot as set forth in the lien claim and to determine the true size and description of the curtilage or lot, upon application of the owner, mortgagee, builder, or lien claimant and on reasonable written notice to all parties interested. Any amendment made under the provisions of this section shall be by order in writing signed by the court and filed with the proper county clerk. No amendment made shall affect the rights acquired by any bona fide purchaser or mortgagee between the time of filing the original lien claim and the filing of such amendment."

That statutory provision, however, must be read with *N. J. S.* 2A:44–92, and, when so done, it is seen that it can only apply to lien claims that have been filed within the time limit specified in *N. J. S.* 2A:44–91.

The strictness with which our courts construe the provisions of the Mechanics' Lien Law insofar as they relate to the perfection of the lien is shown by *Cox v. Hruza,* 54 *N. J. Super.* 54 (*App. Div.* 1959). In that case there

was a timely filed notice of intention, mechanic's lien claim and complaint against the owners; however, notice of the commencement of the suit was not endorsed on the lien claim as required by *N. J. S.* 2A:44–99 and 101. This failure was held to be defective to the action, resulting in a discharge of the lien claim. The court stated:

"We conclude that the endorsement requirement of *N. J. S.* 2A:44–99 and 101 is substantive and mandatory. It goes to the very life of the lien; observed, it gives the lien viability and continued life; disregarded, it cuts short its existence and potential effectiveness." (at *p.* 63)

Certainly, if the endorsement requirement is substantive and mandatory, the requirement as to the time within which the lien claim must be filed is substantive and mandatory.

In justification for not filing the lien claim Mach argues that it was restrained by the order of September 28, 1967. Applicant seeks a lien against the real property of Dalton, *N. J. S.* 2A:44–66, and not against any real property that was or had been owned by Dario. The facts before the court are to be distinguished from the facts in *Rigberg v. Narduc Development Corp.,* 47 *N. J. Super.* 588 (*Ch. Div.* 1957). In that case the property to be charged with the lien was owned by the insolvent corporation. In addition, there the order restrained creditors "from undertaking any legal proceedings to enforce their liens." It was held that under the facts of that case the lien claimant was prevented from filing a lien claim and perfecting his lien. Here there was nothing in the order of September 28, 1967 which prevented Mach from perfecting the lien against the lands of Dalton. An adjudication of insolvency and the appointment of a receiver does not necessarily prevent the filing of a lien claim. *Doty v. Auditorium Pier Co.,* 56 *A.* 720 (*Ch.* 1904), affirmed o. b. 65 *N. J. Eq.* 768 (*E. & A.* 1903).

This court does not have the power to extend the time within which a lien claim must be filed under *N. J. S.*

2A:44–91, absent an order that effectively restrained the lien claimant from filing the lien claim within the four-month period provided by the statute. The relief requested in the application will be denied.